**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BERNISSA STANISLAS,

        Plaintiff,

v.                                                  Case No. 3:12-cv-695-J-34JRK

PUBLIX SUPER MARKETS, INC.,

        Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on [Plaintiff] Bernissa Stanislas' [sic] Opposed Motion for Reconsideration/Rehearing of Court's Order for Summary Judgment (Doc. No. 74; Motion), filed on October 4, 2013. In the Motion, Stanislas seeks reconsideration of the Court's Order (Doc. No. 70; Summary Judgment Order) in which the Court granted Defendant Publix Super Markets, Inc.'s Dispositive Motion for Summary Judgment and Memorandum of Law in Support (Doc. No. 27; Summary Judgment Motion). See generally Motion. Stanislas seeks such relief pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Rule(s)) based on her contention that granting summary judgment "was clear error and/or manifestly unjust." Id. at 1-2. On October 18, 2013, Defendant filed its opposition to the Motion. See Defendant Publix Super Markets, Inc's Opposition to Plaintiff's Motion for Reconsideration/Rehearing (D.E. 74) and Memorandum of Law (Doc. No. 75; Opposition). Accordingly, the matter is ripe for judicial review.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[1] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example,

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In her Motion, Stanislas cites both Rule 59(e) and Rule 60(b) as the basis for the relief she seeks. Motion at 1. Upon review of the Motion, it appears that Stanislas seeks reconsideration of the merits of the dispute addressed in the Court's Summary Judgment Order, consistent with the purposes of Rule 59(e). Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008)(citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)). Indeed, "[a] motion requesting the setting aside of summary judgment and a trial on the merits of the case is best characterized as a Rule 59(e) motion." Rance v. D.R. Horton, Inc., 316 F. App'x 860, 863 (11th Cir. 2008) (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Additionally, Stanislas filed the Motion within twenty-eight days after the entry of the Summary Judgment Order, as required by Rule 59(e). See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also Rance, 316 F. App'x at 863 (explaining that a post-judgment motion to alter or amend the judgment served within the time for filing a Rule 59 motion other than a motion to correct purely clerical errors, "is within the scope of Rule 59(e) regardless of its label"); Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Accordingly, the Motion is properly construed as falling under Rule 59(e). Moreover, even if the Court were to consider the Motion under Rule 60(b), doing so would not produce a different result. "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Holland v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)). Therefore, if Stanislas is not entitled to relief under Rule 59(e), she is also not entitled to relief under Rule 60(b), and the Court need not address her arguments under Rule 60(b) separately.

reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047 (quotations and citations omitted). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an

extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Of the limited grounds for relief under Rule 59(e), Stanislas argues that reconsideration is necessary here to correct clear error or manifest injustice. See Motion at 2. Specifically, Stanislas contends that two aspects of the Summary Judgment Order are erroneous: (1) the Court's finding that there was insufficient evidence to support her allegations that Publix intentionally discriminated against her when it transferred her from the pharmacy to customer service and terminated her, and (2) the Court's conclusion that Stanislas had not shown that her transfer from the pharmacy was discriminatory because she could not point to any individuals who were accused of similar conduct and treated more favorably. See Summary Judgment Order at 20-24, 34-38; Motion at 2-5. The Court addresses the latter contention first.

Stanislas asserts that the Court incorrectly concluded that she did not identify other employees with a similar history who were treated more favorably than she was. Motion at 5; Summary Judgment at 22. In making this argument, Stanislas appears to dispute that Publix made a showing of any misconduct on her part, and therefore considers herself to have been in an identical position as the other employees working in the pharmacy. See Motion at 5. To support her contention that she was innocent of any misconduct, Stanislas refers to unsigned counseling statements she submitted in opposition to the Summary Judgment Motion.[2] See Plaintiff Bernissa Stanislas' [sic] Amended Opposition to

---

[2] In the Summary Judgment Order, the Court noted that, although Stanislas referenced nine counseling statements, she only offered four such statements in her evidence. See Summary Judgment Order at 23 n. 10. As such, Stanislas now explains that she originally submitted nine counseling statements but (continued...)

Defendant's Dispositive Motion for Summary Judgment (Doc. No. 58; Opposition to Summary Judgment Motion) at 9-14.  However, in granting summary judgment, the Court relied on the conduct that Stanislas had been accused of, and which she did not dispute as accurate in her filings, which included ignoring the greetings of her assistant manager and questioning orders to take lunch breaks at certain times.  See Summary Judgment Order at 21-22; see also Deposition of Bernissa Stanislas (Doc. Nos. 68-1 to 68-6; Stanlislas Dep.) at 114-15, 171-72, 179-82.  This alleged misconduct, not the conduct complained of in the additional Counseling Statements, provided the basis for Stanislas's transfer out of the pharmacy and to customer service.  Accordingly, the Court did not err in finding that Stanislas failed to present proper comparators, and therefore failed to establish a prima facie case of discrimination.

In the Summary Judgment Order, the Court explained that, in the absence of similarly situated comparators, summary judgment is appropriate where there is no other evidence of discrimination.  See Summary Judgment Order at 14, 23.  Stanislas argues that she presented sufficient evidence that Publix intentionally discriminated against her by referring to the same nine Counseling Statements.  See Motion at 4.  In opposing summary judgment Stanislas argued, as she does here, that these statements contain false allegations and demonstrate Publix's intent to discriminate against her.  See Opposition to Summary Judgment Motion.  In rejecting this argument and granting summary judgment, the Court

---

[2](...continued)
inadvertently omitted five counseling statements when she resubmitted her evidence. See Motion at 4n.1; Exhibit N (Doc. No. 48 & 48-1; Counseling Statements).  However, the number of Counseling Statements is inconsequential. None of the Counseling Statements demonstrate that any other employees were similarly situated, or, as Stanislas contends, that Publix employees did not genuinely believe that she had acted or failed to act in the manner that Publix considered to be misconduct justifying her transfer.

explained that the Counseling Statements made no reference to race nor did they otherwise indicate any intent to discriminate on the basis of race. See Summary Judgment Order at 24. Having reviewed all nine Counseling Statements, and in the absence of any evidence suggesting a racially discriminatory motive, the Court reaffirms its finding that the Counseling Statements do not demonstrate discriminatory intent. See id. Thus, Stanislas has not shown that summary judgment was improperly granted.

As an alternative finding as to both Stanislas's discrimination and retaliation claims, the Court found that, even if Stanislas could establish a prima facie case of discrimination or retaliation, Publix presented legitimate reasons for her transfer and termination that Stanislas failed to rebut. See Summary Judgment Order at 34-38. In the Motion, Stanlislas contends that she did rebut Publix's reasoning for her transfer because she provided her positive performance evaluation, see Associate Performance Evaluation, October 30, 2009 (Doc. No. 28-16; October Evaluation), as evidence that her transfer out of the pharmacy had nothing to do with her behavior. See Motion at 2-3; see also Opposition to Summary Judgment Motion at 6, 14. In the Summary Judgment Order, the Court rejected this argument because the Court determined that no one involved in the decision to transfer Stanislas gave input into the October Evaluation. See Summary Judgment Order at 37. It does appear that this determination was partially incorrect. Assistant Customer Service Manager Anna Roberts was the evaluating manager for the October Evaluation, and also signed off on the counseling statement which resulted in Stanlislas's transfer to customer service. See Associate Counseling Statement, August 21, 2009 (Doc. No. 28-13; August Counseling Statement); October Evaluation at 2. However, the store managers who signed

the August Counseling Statement and October Evaluation were different, Wade Pate and Steve Gant, respectively. See August Counseling Statement; October Evaluation. Additionally, in her deposition, Stanislas testified that she could not remember if Roberts was present when she met with Pate to discuss her transfer. See Stanlislas Dep. at 172-73, 179-80.

In her Motion, Stanislas argues that, "obviously, Manager Anna A. Roberts (black) was not convinced that Plaintiff was in any way at fault giving Plaintiff a score of 175, Exceeds Expectations for the period of April 1st, 2009 through September 30th, 2009." Motion at 3. The Court notes, however, that in the October Evaluation Roberts gave Stanislas a score of three out of nine for Teamwork, which is not inconsistent with her difficulties interacting with the pharmacy managers which resulted in her transfer. See October Evaluation at 1. More importantly, the fact that Stanislas received a mostly positive review for the months of April through September of 2009 does not create a question of fact as to whether Stanislas was transferred to customer service based on her race. Stanislas's inability to interact appropriately with pharmacy manages constitutes a non-discriminatory reason for her transfer. Her suggestion that the October Evaluation contradicts the sincerity of that motivation does not rebut Publix's reasoning "head-on," as she must to successfully oppose summary judgment. See Joseph v. Columbus Bank & Trust Co., 447 F. App'x 110, 112 (11th Cir. 2011). At most, her arguments constitute second-guessing Publix's management decisions. As the Court explained in its Summary Judgment Order, it cannot engage in this type of oversight. See Summary Judgment Order at 36 (explaining that "it is not [the Court's] role to second-guess the wisdom of an employer's business

decisions—indeed the wisdom of them is irrelevant—as long as those decisions were not made with a discriminatory motive." (quoting Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010))).

Stanislas also contends that, when evaluating the legitimacy of Publix's reasons for her transfer, the Court improperly considered the honest beliefs of Adrian Bennett, who ultimately transferred her, as opposed to those of her immediate supervisors, who complained about her and drafted allegedly false Counseling Statements after her transfer to justify their actions. See Motion at 3-4. Publix argues that Stanislas is attempting to raise a cat's paw argument that she did not make in her Opposition to Summary Judgment Motion. See Opposition at 9-10. Under a cat's paw theory of liability, an employer may be "liable for the animus of a supervisor who was not charged with making the ultimate employment decision." Rudy v. Walter Coke, Inc., ____ F. Supp. 2d ____, 2014 WL 2050753, at *8 (N.D. Ala. May 19, 2014).

In granting summary judgment, the Court determined that Stanislas had not rebutted the legitimate reason for her transfer to the pharmacy because she did not dispute that the complaints against her (regarding her failure to take lunch breaks when asked and acknowledge her pharmacy manager when appropriate) were made or that Bennett believed them. Summary Judgment Order at 36-37. In her Motion, Stanlislas now implies that these complaints were fabricated as part of a conspiracy against her, again pointing to the unsigned Counseling Statements. See Motion at 3-4. However, as discussed in the Summary Judgment Order, the unsigned Counseling Statements were not submitted to Bennett for review. See Summary Judgment Order at 24. Further, Bennett spoke with

Stanislas himself and conducted his own investigation regarding the conduct that did lead to her transfer. See Declaration of Adrian Bennett (Doc. No. 28-30) at 2-5; Rudy, 2014 WL 2050753, at *9 ("'Cat's paw' liability generally is not appropriate where the decision maker is not a mere 'rubberstamp' of the offending supervisor, but conducts an independent investigation of the events."). Therefore, the Court did not err when it examined Bennett's honestly held beliefs and concluded that there was no question of fact as to whether Stanislas was transferred from the pharmacy for the stated reasons rather than on the basis of her race.

Stanislas's remaining arguments seeking reconsideration are nothing more than improper requests to reexamine the Summary Judgment Order. Specifically, Stanislas argues that the Counseling Statements that she never had to sign were obviously fabricated and demonstrate that the other employees who drafted them were railroading her. Compare Opposition to Summary Judgment Motion at 2-3, 9-12, 14-16 with Motion at 4-5. Similarly, Stanislas points to the same e-mail sent from the Pharmacy Supervisor Sean Klicker to support the fabrication of these Counseling Statements and her contention that Publix's reasons for transferring and terminating her are pretextual. Compare Opposition to Summary Judgment Motion at 3, 10, 12 with Motion at 4. In addressing the given reason for her termination, Stanislas again argues that Publix did not follow its own policy requiring that she confess to coupon fraud before terminating her for such behavior. Compare Opposition to Summary Judgment Motion at 17-18, with Motion at 5. Stanislas is not entitled to relitigate these issues; the Court sufficiently addressed these arguments in its Summary Judgment Order and declines to readdress them here. See Jacobs, 626 F.3d at 1344.

Having carefully considered the issues addressed in the Summary Judgment Order, the Court finds no basis for reconsideration.  Accordingly, the Motion is due to be denied.

Upon due consideration, it is hereby

**ORDERED**:

[Plaintiff] Bernissa Stanislas' [sic] Opposed  Motion for Reconsideration/Rehearing of Court's Order for Summary Judgment (Doc. No. 74) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of July, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record